IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VENOCO, LLC, *ET AL.*[1],<br><div align="right">Debtors.</div> | Chapter 11<br><br>Case No. 17-10828 (JTD)<br><br>(Jointly Administered) |
| EUGENE DAVIS, in his official capacity as Liquidating Trustee of the Venoco Liquidating Trust,<br><div align="right">Plaintiff,</div><br>v.<br><br>STATE OF CALIFORNIA, and STATE LANDS COMMISSION,<br><div align="right">Defendants.</div> | <br><br><br><br><br>Adv. Proc. No. 18-50908 (JTD)<br><br>**Relates to Adv. D.I. 117** |

**STATE OF CALIFORNIA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INVERSE CONDEMNATION**

The State of California (the "State" or "Defendant"), by and through its attorneys, states

for its answer (the "Answer") to *Plaintiff's First Amended Complaint for Inverse Condemnation*

[D.I. 117] (the "Amended Complaint")[2] in this adversary proceeding (the "Adversary

Proceeding") filed by plaintiff Eugene Davis, in his capacity as Liquidating Trustee of the

Venoco Liquidating Trust (the "Plaintiff"), as follows:

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Venoco, LLC. (3555); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); TexCal Energy South Texas, L.P. (0812) (collectively, the "Debtors.") The mailing address for the Venoco Liquidating Trust, for purposes of these Chapter 11 cases, is: 5 Canoe Brook Drive, Livingston, NJ 07039.

[2] Terms not defined herein shall have the meaning ascribed to them in the Complaint

**RESPONSE TO AMENDED COMPLAINT FOR INVERSE CONDEMNATION**

As a preliminary matter, the State objects to Plaintiff's allegations to the extent that they refer to the State and co-defendant State Lands Commission ("Commission" or "SLC") collectively as "Defendants." California law recognizes that the State and the Commission are separate legal entities. *See People ex rel Lockyer v. Superior Court*, 122 Cal.App.4th 1060, 1078 (Cal. Ct. App. 2004) ("each agency or department of the state is established as a separate entity, under various state laws or constitutional provisions"). Plaintiff has elected to sue the State and Commission individually and, as such, allegations against the "Defendants" which do not recognize their separate legal status are improper. The Amended Complaint makes no separate allegations against the State, and none of the contracts, agreements, or documents that are attached to the Amended Complaint were executed by the State, were made by the State, or were delivered to the State. Accordingly, Plaintiff has failed to allege any conduct by the State sufficient to state a cause of action against it. As such, the State does not have any information independent of the Commission, and therefore relies exclusively on information obtained from the Commission in responding to the allegations in the Amended Complaint. In so responding, the State does not admit, and expressly denies, that it has any information, or liability, separate and apart from the Commission.

## <u>PRELIMINARY STATEMENT</u>

1.      Paragraph 1 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required.  To the extent a response is required, Defendant responds to the allegations contained in Paragraph 1 of the Amended Complaint as follows.  Defendant denies the first, second, and third sentences of Paragraph 1. Defendant admits the allegations in the fourth sentence of Paragraph 1 to the extent that Defendant

asserts that Defendant's occupancy of the EOF is justified by Defendant's police power, including but not limited to the police power to abate an environment hazard, but denies the allegations in the fourth sentence of Paragraph 1 to the extent that such sentence purports to state the complete factual basis for Defendant's exercise of its police powers in connection with its use of the EOF. Defendant denies the remaining sentences of Paragraph 1.

2.      Paragraph 2 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required.  To the extent a response is required, Defendant responds to the allegations contained in Paragraph 2 of the Amended Complaint as follows.  Defendant denies the allegations in the first and second sentences of Paragraph 2 in their entirety.  The third, fourth, fifth and sixth sentences of Paragraph 2 state legal conclusions or statements that do not constitute allegations of fact and to which no response is required; to the extent a response is required, Defendant denies the allegations contained in the third, fourth, fifth, and sixth sentences of Paragraph 2.

3.      With respect to Paragraph 3 of the Amended Complaint, Defendant admits that the Reimbursement for Temporary Services Agreement attached as Exhibit A to the Amended Complaint was entered into between SLC and Venoco on April 14, 2017.  The RTSA is a legal document that speaks for itself.  To the extent the allegations of Paragraph 3 of the Amended Complaint are inconsistent with the RTSA, they are denied.  By way of further response, Defendant admits that the RTSA terminated on September 15, 2017.  Defendant denies the balance of the allegations of Paragraph 3 of the Amended Complaint.

4.      Defendant admits the Gap Agreement attached as Exhibit B to the Amended Complaint was entered into on September 15, 2017.  The Gap Agreement is a legal document that speaks for itself.  To the extent the allegations of Paragraph 4 of the Amended Complaint are

inconsistent with the Gap Agreement, they are denied.  Defendant denies the balance of the allegations of Paragraph 4, except only that it is admitted that the Debtors' counsel sent a letter dated August 22, 2018, purporting to give notice of the Debtors' intent to terminate the Gap Agreement.

5.      Paragraph 5 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 5, except only that Defendant admits that it is presently using the EOF on a non-exclusive basis to protect the public health and safety, that interruption of Defendant's non-exclusive use of the EOF would threaten public health and safety of California citizens because no reasonable alternatives to Defendant's non-exclusive use of the EOF exist to prevent such risks, and that discussions between Defendant and the Plaintiff have not yielded a consensual resolution.

## PARTIES AND SERVICE

6.      Defendant admits the allegations contained in Paragraph 6 of the Amended Complaint.

7.      Paragraph 7 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint, and accordingly denies the same.

8.      Defendant admits that the EOF is the onshore oil and gas processing facility located at 7979 Hollister Avenue, Goleta, California, that is comprised of various assets.  Defendant denies that the Liquidating Trust holds legal title to the many items of tangible and intangible assets at the EOF that are the property of Defendant.

9.      Paragraph 9 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required.  To the extent a response is required, Defendant admits the allegations contained Paragraph 9 of the Amended Complaint.

10.      Paragraph 10 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required.

11.      Paragraph 11 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required.

12.      Paragraph 12 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required.

## JURISDICTION AND VENUE

13.      Paragraph 13 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required.  To the extent a response is required, Defendant does not contest the allegations contained in Paragraph 13 of the Amended Complaint.

14.      Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.      Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint.

16.      Paragraph 16 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that the Court has jurisdiction over the Adversary Proceeding, regardless of the contents of the Combined Disclosure Statement and Plan or the Confirmation Order.

18.     Defendant acknowledges the allegations contained in Paragraph 18 of the Amended Complaint. Defendant does not consent to the entry of final orders or a judgment by this Court in this adversary proceeding.

19.     The allegations of the first two sentences of Paragraph 19 of the Amended Complaint are denied, except only that it is admitted that Defendant is a creditor in the above-captioned chapter 11 cases and a beneficiary of the Liquidating Trust.  The remaining allegations of Paragraph 19 of the Amended Complaint state legal conclusions or statements that do not constitute allegations of fact and to which no response is required.  To the extent a response is required, Defendant denies such remaining allegations contained in Paragraph 19 of the Amended Complaint.

20.     Paragraph 20 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint.

## **PROCEDURAL BACKGROUND**

21.     Defendant admits the allegations contained in Paragraph 21 of the Amended Complaint except that Defendant notes that the Debtors' plan called for the "deemed" consolidation of Venoco and the other Debtors for the purposes of voting and distribution under

the Plan, whereby the Debtors were deemed merged and consolidated, and treated as equivalent to a single legal entity for such purposes.

22.     Defendant admits the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Paragraph 23 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required. To the extent a response is required, Defendant admits that the Effective Date of the Combined Disclosure Statement and Plan was October 1, 2018. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of the Amended Complaint.

## FACTUAL ALLEGATIONS

24.     Defendant admits the allegations contained in the first, third, and fourth sentences of Paragraph 24 of the Amended Complaint. Denied that Venoco operated the EOF until the Effective Date. Defendant lacks knowledge and information sufficient to form a belief regarding the balance of the allegation of Paragraph 24, and accordingly denies the same.

25.     Defendant admits the allegations contained in the first two sentences of Paragraph 25 of the Amended Complaint, except that it notes that the EOF is located approximately 1.8 miles north of Platform Holly. Defendant admits that the EOF and Platform Holly are connected by certain pipelines and that the EOF is necessary for processing gas produced at Platform Holly. Denied that gas from Platform Holly is still carried to market from the EOF.

26.     Defendant admits the allegation in the first sentence of Paragraph 26 that the Debtors' operations were adversely affected in 2015 by the rupture of Plains All American Pipeline Company's Line 901. Defendant denies the balance of the allegations of the first sentence of Paragraph 26 of the Amended Complaint. With respect to the second sentence of paragraph 26,

Defendant admits that on April 17, 2017, Venoco quitclaimed the SEF Leases to the SLC.  The balance of the allegations of the second sentence of paragraph 26 constitute legal conclusions to which no response is required and, to the extent a response is required, are denied.

27.     Paragraph 27 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required.

28.     With regard to the first sentence of Paragraph 28, Defendant states that the RTSA is a legal document that speaks for itself.  To the extent that any allegations of the first sentence of Paragraph 28 are inconsistent with the RTSA, they are denied.  With regard to the second sentence of Paragraph 28, Defendant admits only that the RTSA terminated on September 15, 2017.  The remaining allegations of the second sentence of Paragraph 28 of the Amended Complaint are denied.

29.     The first sentence of Paragraph 29 of the Amended Complaint is denied as stated.  The Gap Agreement is a legal document that speaks for itself.  To the extent the allegations of Paragraph 29 are inconsistent with the Gap Agreement, they are denied.  The second, third, and fourth sentences of Paragraph 29 are admitted.  The fifth, sixth, and seventh sentences of Paragraph 29 are denied as stated.

30.     The allegations of the first sentence of Paragraph 30 of the Amended Complaint are denied as stated.  The second sentence of Paragraph 30 is denied.

31.     Defendant admits the allegations in the first sentence of Paragraph 31 of the Amended Complaint only insofar as the Debtors sent a letter dated August 22, 2018 indicating the termination of the Gap Agreement effective October 15, 2018.  Defendant refers to the letter itself for the meaning of its contents.  Defendant admits the allegations in the second sentence of this paragraph only insofar as the fact that the parties entered into Gap Agreement and denies the

balance of the allegations contained in that sentence. Defendant refers to the Gap Agreement itself for the meaning of its provisions. Defendant denies the final two sentences of Paragraph 31 as stated.

32.  Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint except only as follows: Defendant admits that it notified the Trust that Defendant intended to remain on the EOF in a lawful exercise of Defendant's police powers. The second sentence of Paragraph 32 of the Amended Complaint states legal conclusions or statements that do not constitute allegations of fact and to which no response is required. The third sentence of Paragraph 32 is denied. The fourth sentence of Paragraph 32 is denied as stated.

33.  Defendant denies the allegations contained in the first sentence Paragraph 33 of the Amended Complaint except only as follows: Defendant admits that it is using the EOF to secure, decommission, and abandon Platform Holly, but denies that it is doing so to satisfy Defendant's (as opposed to Venoco or the Trust's) obligations. As to the second sentence of Paragraph 33, Defendant admits that Defendant's use of the EOF includes the use of certain communications and utilities that can only be accessed at the EOF. As to the third sentence of Paragraph 33, Defendant admits that safety monitoring equipment that can only be accessed at the EOF also services Platform Holly and the interconnecting pipelines that bring the oil and gas ashore to the EOF for processing.

34.  With respect to the first sentence of Paragraph 34 of the Amended Complaint, Defendant admits only that Venoco posted a surety bond in favor of Defendant, but denies that such surety bond provided assurance of funding of Venoco's decommissioning obligations, which have far exceeded the amount of the bond. The second sentence of Paragraph 34 states legal conclusions or statements that do not constitute allegations of fact and to which no response is

required.  Defendant denies the allegations contained in the third sentence Paragraph 34 of the Amended Complaint except only as follows: Defendant admits that on or about June 29, 2018 it entered into a "Phase 1 Agreement" with ExxonMobil.  To the extent that Plaintiff attempts to characterize or interpret the documents referenced in this paragraph, Defendant denies such characterizations or interpretations and points the Court to the documents themselves so that they can be read in context.

35.     Defendant denies the allegations contained in the first sentence of Paragraph 35 of the Amended Complaint except only as follows: Defendant admits that, given the EOF's proximity to Platform Holly, as well as the requisite machinery equipment, and permits to conduct the necessary decommissioning work, there is no feasible alternative location or vessel to perform the necessary decommissioning work.  Defendant denies the allegations contained in the second sentence of Paragraph 35.

36.     The first sentence of Paragraph 36 of the Amended Complaint is admitted. Defendant denies the balance of the allegations contained in Paragraph 36 of the Amended Complaint.

37.     The first and third sentences of Paragraph 37 of the Amended Complaint state legal conclusions or statements that do not constitute allegations of fact and to which no response is required.  The second sentence of Paragraph 37 of the Amended Complaint is admitted.  Defendant denies the allegations contained in the fourth and fifth sentences of Paragraph 37.

## **CAUSES OF ACTION**

### **Count I: Inverse Condemnation Against Defendants**

38.     Defendant incorporates its responses to Paragraphs 1 through 37 as though set forth herein in their entirety.

39.     Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

## Count II: Just Compensation is Warranted under Section 105(a) of the Bankruptcy Code

42.     Defendant incorporates its responses to Paragraphs 1 through 41 as though set forth herein in their entirety.

43.     Defendant admits that Plaintiff has correctly quoted section 105(a) of the Bankruptcy Code, but denies any implied assertion that Plaintiff has any right to recovery under section 105(a).

44.     The first, third, fourth and fifth sentences of Paragraph 44 of the Amended Complaint state legal conclusions or statements that do not constitute allegations of fact and to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in the first, third, fourth and fifth sentences of Paragraph 44.  The second sentence of paragraph 44 of the Amended Complaint is denied.

## AFFIRMATIVE AND ADDITIONAL DEFENSES[3]

By way of affirmative or additional defenses, the Defendant states as follows:

1.      Plaintiff fails to state a claim upon which relief may be granted.

---

[3] Defendant does not, by asserting these affirmative defenses, admit to having the burden of proof with respect to any such defense

2.      To the extent the Court deems actions by the Commission as actions by Defendant, Defendant is using the EOF pursuant to a valid exercise of its police powers and the police powers exception to inverse condemnation applies.

3.      The relief sought in the Amended Complaint should be denied because Plaintiff has failed to exhaust is state law and/or administrative remedies.

4.      The relief sought in the Amended Complaint should be denied because the claims asserted therein are not ripe for adjudication.

5.      The relief sought in the Amended Complaint should be denied because the Court does not have subject matter jurisdiction to adjudicate this adversary proceeding.

6.      The relief sought in the Amended Complaint should be denied because such relief is barred by Defendant's sovereign immunity and under the Eleventh Amendment of the United States Constitution.

7.      The relief sought in the Amended Complaint should be denied to the extent approval of operation of the EOF by one or more government agencies contained conditions and/or exactions which would otherwise constitute a taking requiring compensation.  If that occurred, Plaintiff must challenge the condition by petition for writ of mandate filed before, or simultaneously with, a complaint for inverse condemnation.  *See Uniwill v. City of Los Angeles*, 124 Cal. App.4th 537, 542-43 (Cal. Ct. App. 2004).

8.      Regarding the EOF, Plaintiff cannot challenge a condition "imposed upon the granting of a permit after acquiescence in the condition by either specifically agreeing to the condition or failing to challenge its validity, and accepting the benefits afforded by the permit." *Rosco Holdings Inc. v. State of California*, 212 Cal. App.3d 642, 654 (Cal. Ct. App. 1989).

9.      To the extent the Court deems actions by the Commission as actions by Defendant, the relief sought in the Amended Complaint should be denied to the extent that Defendant was acting to abate a public nuisance.  This is particularly true if the action or use authorized under the vested right is a per se nuisance due to its violation of an ordinance, regulation or other enactment, in which case a proper exercise of police power should be found.

10.      The relief sought in the Amended Complaint should be denied on the basis of the waiver doctrine to the extent that the EOF is subject to operating conditions and government regulation.  A property owner which accepts and complies with the conditions of a permit cannot later sue a California public entity for inverse condemnation for the cost of compliance.

11.      To the extent the Court deems actions by the Commission as actions by Defendant, the relief sought in the Amended Complaint should be denied because the Defendant bears no liability for inverse condemnation to the extent that it occupied the EOF with the consent of the property owner.

12.      To the extent the Court deems actions by the Commission as actions by Defendant, the relief sought in the Amended Complaint should be denied because the alleged actions of Defendant were not a public work or improvement and, thus, do not give rise to a claim for inverse condemnation or just compensation.

13.      To the extent the Court deems actions by the Commission as actions by Defendant, the relief sought in the Amended Complaint should be denied because Defendant's use and occupation of the EOF prior to October 15, 2018 was with the consent of Plaintiff or Venoco.

*[Remainder of Page Intentionally Left Blank]*

### STATEMENT PURSUANT TO RULES 7008 AND 7012 OF THE
### <u>FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>

Pursuant to rules 7008 and 7012 of the Federal Rules of Bankruptcy Procedure, Defendant hereby states that it does not consent to the entry of final orders by the Court in this adversary proceeding.

### <u>JURY TRIAL DEMAND</u>

Defendant hereby asserts its right to and demands a jury trial in this adversary proceeding.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the State requests that this Court enter an order denying all of the relief sought in Amended Complaint and granting it costs, attorneys' fees and such other and further relief as is just and appropriate.


Dated:  December 6, 2021

Los Angeles, California

XAVIER BECERRA
Attorney General of California
CHRISTINA BULL ARNDT
Supervising Deputy Attorney General


   */s/ Mitchell E. Rishe*

MITCHELL E. RISHE (admitted *pro hac vice*)
Deputy Attorney General
   Office of the California Attorney General
   300 S. Spring Street, Suite 1702
   Los Angeles, CA 90013
   Telephone: (213) 269-6394
   E-mail: Mitchell.Rishe@doj.ca.gov

-and-

EDWARD K. BLACK (DE No. 5302)
Deputy Attorney General
   Delaware Department of Justice
   820 North French Street, C600
   Wilmington, Delaware 19801
   Telephone: (302) 577-4209
   Email: Edward.Black@delaware.gov

*Counsel for the State of California*