**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>VENOCO, LLC, *et al.* [1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 17-10828 (JTD)<br><br>(Jointly Administered) |
| EUGENE DAVIS, in his official capacity as Liquidating Trustee of the Venoco Liquidating Trust,<br><br>              Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, and CALIFORNIA STATE LANDS COMMISSION,<br><br>              Defendants. | Adv. Proc. No. 18-50908 (JTD)<br><br>**Re: Adv. Proc. D.I. 195** |

**DEFENDANTS' MOTION TO SEAL EXHIBIT B TO THE DECLARATION OF JOHN DAVID TALIAFERRO IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF KATHY SPLETTER**

The State of California (the "State") and the California State Lands Commission (the "Commission" and, together with the State, the "Defendants") hereby file this motion (the "Motion to Seal"), pursuant to section 107(b) of the 11 U.S.C. §§101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order substantially in the form

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Venoco, LLC. (3555); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); TexCal Energy South Texas, L.P. (0812) (collectively, the "Debtors.") The mailing address for the Venoco Liquidating Trust, for purposes of these Chapter 11 cases, is: 5 Canoe Brook Drive, Livingston, NJ 07039.

#124091094 v5

attached hereto as **Exhibit 1** (the "Proposed Order") authorizing the Defendants to file under seal the expert report of Kathy Spletter (the "Spletter Report"), Exhibit B of the *Declaration of John David Taliaferro in Support of Defendants' Motion to Exclude Expert Report and Testimony of Kathy Spletter* [Adv. Proc. D.I. 195] (the "Taliaferro Declaration"). In support of the Motion to Seal, the Defendants respectfully state as follows:

## RELIEF REQUESTED

1. By this Motion to Seal, the Defendants seek entry of an order, substantially in the form attached hereto as **Exhibit 1**, authorizing the Defendants to file under seal the Spletter Report attached as Exhibit B to the Taliaferro Declaration, instructing the Clerk's Office to seal Exhibit B to Adv. Proc. D.I. 195 on the docket of this adversary proceeding, and granting such other and further relief as the Court deems just and proper.

## BACKGROUND

2. On January 21, 2022, the Court entered the *Order Granting the Motion to File Under Seal Exhibit to the Declaration of Nancy McEvily Davis* [Adv. Proc. D.I. 172] (the "Seal Order"). The Seal Order authorized the Plaintiff to file under seal Exhibit U-1 to the *Declaration of Nancy McEvily Davis* [Adv. Proc. D.I. 159] (the "Davis Declaration"). Exhibit U-1 to the Davis Declaration is the Spletter Report, which contains a valuation analysis and appraisal of the Ellwood Onshore Facility—the onshore oil and gas processing facility that is the subject of this inverse condemnation proceeding.

3. On January 31, 2022, the Defendants filed the *Defendants' Motion to Exclude Expert Report and Testimony of Kathy Spletter* [Adv. Proc. D.I. 193] and, in connection therewith, the Taliaferro Declaration. Defendants inadvertently filed an unsealed, unredacted copy of the Spletter Report as Exhibit B to the Taliaferro Declaration. This document should have been filed

under seal. Counsel to the Commission discovered that error late on the evening of February 17, 2022 and are filing this Motion to address the error.

4. In compliance with Local Rule 9018-1(d)(i), a proposed redacted version of the Taliaferro Declaration has been filed under separate notice contemporaneously herewith. *See* Adv. Proc. D.I. 230.

## BASIS FOR RELIEF REQUESTED

5. Although the public has a common law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of parties in interest by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *See Cendant*, 260 F.3d 194 (the public's right of access "is not absolute") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal quotation marks omitted). Indeed, in proceedings under the Bankruptcy Code, the limits on the public's right of access are a matter of statute. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 implements section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]" FED. R. BANKR. P. 9018. In addition, Local Rule 9018-1(d) requires any party

who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(d). A party filing such a motion is not required to demonstrate "good cause" to file the document under seal or making a showing of "extraordinary circumstances or compelling need." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27-28 (2d Cir. 1994).

6. Here, the Court has already determined that the Spletter Report should be sealed. Thus, in accordance with the Seal Order, cause exists to permit the Defendants to file under seal the Spletter Report attached as Exhibit B to the Taliaferro Declaration.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)(iv)

7. The Plaintiff contends that the information in the Spletter Report is subject to "Confidentiality Rights" (as defined in Local Rule 9018-1(d)(iii)) of the Venoco Liquidating Trust. Accordingly, the undersigned Delaware counsel for the Commission certifies, in compliance with Local Rule 9018-1(d)(iv), he has conferred with Plaintiff's counsel, who agrees that the Spletter Report should be sealed.

### NOTICE

8. Notice of this Motion to Seal is being provided through the Court's CM/ECF electronic noticing system and via email to Plaintiff's counsel of record. The Defendants submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

### CONCLUSION

WHEREFORE, for the reasons set forth herein, the Defendants respectfully request that the Court grant the relief requested in this Motion to Seal, enter the Proposed Order, and grant such other and further relief as is just and proper.

#124091094 v5

<table>
<tr><td>

Dated: February 18, 2022

Rob Bonta
Attorney General of California
Christina Bull Arndt
Supervising Deputy Attorney General
Mitchell E. Rishe
Deputy Attorney General
OFFICE OF THE CALIFORNIA
ATTORNEY GENERAL
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6394
Email: Mitchell.Rishe@doj.ca.gov


*/s/ Edward K. Black*
Edward K. Black (DE No. 5302)
Deputy Attorney General
DELAWARE DEPARTMENT OF
JUSTICE
820 North French Street, C600
Wilmington, Delaware 19801
Telephone: (302) 577-4209
Email: edward.black@delaware.gov

*Counsel for the State of California*

</td><td>

Respectfully submitted,

TROUTMAN PEPPER HAMILTON
SANDERS LLP

*/s/ Kenneth A. Listwak*
David M. Fournier (DE No. 2812)
Joanna J. Cline (DE No. 5873)
Kenneth A. Listwak (DE No. 6300)
Hercules Plaza
1313 Market Street, Suite 5100
Wilmington, DE 19801
Telephone: (302) 777-6500
Email: david.fournier@troutman.com
       joanna.cline@troutman.com
       ken.listwak@troutman.com

-and-

Steven S. Rosenthal (admitted *pro hac vice*)
Marc S. Cohen (admitted *pro hac vice*)
J.D. Taliaferro (admitted *pro hac vice*)
Alicia M. Clough (admitted *pro hac vice*)
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: (310) 788-2000
Email: srosenthal@loeb.com
       mscohen@loeb.com
       jtaliaferro@loeb.com
       aclough@loeb.com

*Co-Counsel to California State Lands Commission*

</td></tr>
</table>

#124091094 v5