**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>VENOCO, LLC,<br><br>      Liquidating Debtor.<br><hr>EUGENE DAVIS, in his capacity as Liquidating Trustee of the Venoco Liquidating Trust,<br><br>      Plaintiff,<br><br>      v.<br><br>STATE OF CALIFORNIA and CALIFORNIA STATE LANDS COMMISSION,<br><br>      Defendants. | Chapter 11<br><br>Case No. 17-10828 (JTD)<br><br><br><br><br>Adv. Pro. No 18-50908 (JTD)<br><br><br><br>**Re: A.D.I. 290, 291** |

**THE LIQUIDATING TRUSTEE'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION IN SUPPORT OF BILL OF COSTS**

  Eugene Davis, solely in his capacity as Liquidating Trustee (the "Trustee") of the Venoco Liquidating Trust (the "Trust") files this response in opposition to the Bill of Costs submitted by Defendant the California State Lands Commission (the "Commission") (the Commission, together with the State of California, "Defendants") (A.D.I. 290) and Defendant's Motion in Support of Bill of Costs (the "Motion") (A.D.I. 291).

**I.  INTRODUCTION**

  1.  The Commission asks the Court to award it $89,479.94 in costs for trial transcripts, exemplifications and copies, and costs incident to the taking of depositions. *See generally* Bill of Costs (A.D.I. 290), Motion (A.D.I. 291). The Court should deny the Motion for three reasons. First, the Commission seeks costs as the "prevailing party" in the adversary proceeding, but the Final Judgment entered in the adversary proceeding is presently on appeal. *See* Notice of Appeal (A.D.I. 288); *see also* Clerk's Notice Regarding Filing of Appeal (A.D.I. 296). Because the

outcome of the appeal could affect the determination of the prevailing party, the Court should defer its ruling or deny the motion without prejudice to its re-filing after all appeals have been exhausted. Second, the Court should exercise its discretion to decline to impose *any* fees or costs against the Trust because the Trust pursued the adversary proceeding in good faith on behalf of the beneficiaries of the Trust. Taxation of costs against the Trust for its good faith pursuit of a meritorious legal claim simply penalizes some of the beneficiaries of the Trust while affording a benefit to the Commission (which is also a beneficiary of the Trust). Third, to the extent that the Court determines that the Commission is entitled to any costs, the Court should deduct costs that are not recoverable under section 1920. Among other things, the cost of same-day transcription, expedited processing, rough drafts, "real-time" feeds or "real-time" transcription of deposition and trial testimony, and video synchronization were conveniences for defense counsel, were not necessary, and are not allowable.

## II.    APPLICABLE LAW

2.    Bankruptcy Rule 7054(b) provides that "[t]he court <u>may</u> allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." Fed. R. Bankr. P. 7054(b) (emphasis added). This Court has noted that "[t]he language of the Bankruptcy Rule is more permissive than its counterpart in the Federal Rules of Civil Procedure, which states '<u>[u]nless</u> a federal statute, these rules, or a court order provides otherwise, costs . . . <u>should be allowed</u> to the prevailing party.'" *NNN 400 Capital Center, LLC v. Wells Fargo Bank, N.A.*, No. 18-50384 (JTD), 2020 WL 6817486, at *1 (D. Del. Bankr. Oct. 21, 2020) (citing Fed. R. Civ. P. 54(d)(1)) (emphasis in original). Because Rule 7054(b) creates no presumption in favor of awarding costs, "[t]he decision to award costs is therefore within the sound discretion of the Court." *Id*.

3.      The categories of costs that are taxable are set out in 28 U.S.C. § 1920, a statute that the Supreme Court has advised "accord[s] a narrow reading." *Race Tires Am. Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012) (citing *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 442 (1987)). Section 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs" the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees and exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docketing fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### III.    ARGUMENT AND AUTHORITIES

**A.    The Court Should Deny The Motion Or Defer Its Ruling Until All Appeals Have Been Exhausted.**

4.      The Commission seeks to recover costs under Rule 7054(b) because Defendants were the "prevailing party" in the adversary proceeding. *See* Motion (A.D.I. 291) at 5. Although the Court entered a Final Judgment in favor of the Defendants, that Final Judgment is presently on appeal to the United States Court for the District of Delaware. *See* Notice of Appeal (A.D.I. 288); *see also* Clerk's Notice Regarding Filing of Appeal (A.D.I. 296). The Court has discretion to defer its ruling on the Motion and Bill of Costs or deny the Motion and Bill of Costs without prejudice until all appeals have been exhausted. *See, e.g.*, *Jacobs v. O'Keefe*, No. CV 08-470, 2018 WL 417598, at *3 (W.D. Pa. Jan. 16, 2018) ("The proper procedure in this case is for consideration of

3

plaintiff's Bill of Costs and Supplemental Bill of Costs to be deferred until the cross-appeals are decided by the court of appeals."); *see also id.* at *3 n.1 ("Whether plaintiff prevailed in this case is squarely before the court of appeals. Thus, deferment of consideration of his Bill of Costs and Supplemental Bill of Costs is appropriate."). Deferral or denial would best serve the interest of judicial economy because any order granting the Motion and Bill of Costs would require review and revision upon any modification to the Court's Final Judgment. The Trustee submits, therefore, that the Court should defer or deny the Motion and Bill of Costs until after conclusion of the appeals process. *See, e.g.*, *Njos v. Thomas*, No. 3:14-CV-0766, 2017 WL 432670, at *4 (M.D. Pa. Feb. 1, 2017) ("At this juncture, given that Petitioner has filed an appeal, we will deny without prejudice Petitioner's motion for costs to refile after resolution of the appeal.") (citing *In re: Chocolate Confectionary Antitrust Litig.*, Civ. No. 08-1935, 2015 WL 8536792 (M.D. Pa. Dec. 11, 2015) (deferring motion for costs pending appeal)); *Dzielak v. Whirlpool Corp.*, No. CV 12-00089-KM-JBC, 2021 WL 4059503, at *1 (D.N.J. Jan. 6, 2021) (deferring consideration of Defendant's motion for costs by "administratively terminat[ing]" them without prejudice to renewal if and as appropriate); *Germinaro v. Fid. Nat'l Title Ins. Co.*, No. 14-1202, 2019 U.S. Dist. LEXIS 127144, at *2, 122 A.F.T.R.2d (RIA) 2019-5384 (W.D. Pa. 2019) (noting that, while the appeal was pending, the Clerk of Courts notified the parties that he would not take any action on the Bill of Costs until disposition of the appeal).

    **B.**    **The Court Should Decline To Tax Any Costs Against The Trust Because The Adversary Proceeding Was Brought In Good Faith.**

5.    At the time the Court rules on the Motion and Bill of Costs, the Court should deny the relief requested because the Trust brought the adversary proceeding in good faith. The Third Circuit has noted that, among other reasons, courts have declined to impose costs "because of a complete absence of bad faith or frivolity . . . ." *In re Gioioso*, 979 F.2d 956, 963 n.10 (3d Cir.

1992) (citing *Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)*, 135 B.R. 659, 670–71 (Bankr. D. Colo. 1991)). There is no suggestion that the Trust's efforts in this case were pursued in bad faith or were frivolous. Indeed, the Trustee's inverse condemnation claims survived jurisdictional challenges, motions to dismiss, a motion for summary judgment, and were tried to the Court over five days. These claims cannot be said to be frivolous and were pursued in good faith.

6.   Additionally, the Court should decline to tax costs against the Trust because an award of costs to the Commission confers a benefit to the Commission at the expense of other beneficiaries of the Trust. The Trust pursued the adversary proceeding to maximize the value of the Liquidating Trust Assets for the benefit of the beneficiaries (who were the general unsecured creditors of the Debtors), which beneficiaries include the Commission. The Commission has uniquely benefited from its use of the Trust's property, and an award of costs to the Commission at the expense of the other beneficiaries would be unjust.  The Trust therefore submits that the Court should exercise its discretion to decline to allow any costs to the Defendants under Rule 7054.

### C.   The Bill of Costs Includes Items That Are Not Recoverable.

7.   To the extent that the Court determines that any costs should be awarded to the Commission, the Trust objects to certain items included in the Commission's bill of costs, including: (1) "real-time" or "live feed" court reporting for depositions and trial; (2) expedited processing and rough drafts of trial and deposition transcripts; and (3) video synchronization. These charges are far in excess of the court reporter's standard rate, were not shown to be necessary, and are therefore are not recoverable under 28 U.S.C. § 1920.

8.   Section 1920 includes as a taxable cost "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. 1920(2). "A reasonableness

5

standard is inherent in award of costs under 28 U.S.C. section 1920, and this is particularly true where, to invoke the discretion of the court, the party asserting the cost must show the copies were 'necessarily obtained' for use in the case or preparation of the defense." *In re Northwestern Corp.*, 326 B.R. 519, 530 (Bankr. D. Del. 2005).

9. "Charges for expedited transcripts ordinarily ought to be disallowed as costs to the extent that they exceed the court reporter's standard rate." *In re Greater Southeast Community Hosp. Corp. I*, No. 04-10366, 2012 WL 1414841, at *3 (Bankr. D. D.C. Apr. 23, 2012). "Similarly, the cost of obtaining a rough draft transcript of a deposition as a form of expedited transcript ordinarily ought to be disallowed." *Id*. "Unless there was a necessity for ordering expedited transcripts, the cost is limited to the court reporter's regular rate." *Id*. (citing *Sun Ship, Inc. v. Lehman*, 655 F.2d at 1318 & n.48 (D.C. Cir. 1981) (overnight transcription of depositions was disallowed when it was prepared purely for the convenience of counsel)); *see also McCabe v. United States*, No. 05-CV-73-LRR, 2008 WL 2980010, at *8 (N.D. Iowa July 22, 2008) (holding that costs for expedited deposition transcripts were not recoverable where "[t]he Billing Defendants do not explain in any detail why they ordered expedited transcripts, except simply to say that they needed to expedite the transcripts to file a motion for summary judgment"). The additional costs for an expedited trial transcript should not be permitted where a party "had ample representation during trial and their attorneys could have taken day-to-day notes on the proceedings." *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth*., 193 F.R.D. 26, 34 (D. P.R. 2000).

10. The costs of real-time transcription are similarly not recoverable where there is no showing of necessity. *See, e.g.*, *Mylan Inc. v. SmithKline Beecham Corp.*, 2015 WL 1931139, at *6 (D.N.J. Apr. 28, 2015) (declining to award the cost of real-time because "immediate access to

the written word is an attorney convenience"); *Keurig, Inc. v. JBR, Inc.*, 2014 WL 2155083, at *3 (D. Mass. May 21, 2014) ("Defendant did not request permission for daily or expedited transcripts and has not justified that expedited and real time transcripts were necessary to the case."); *McCabe*, 2008 WL 2980010 (determining "it was not necessary to order the realtime transcript").

11. The cost of video synchronization is also not taxable under section 1920. *See Kalitta Air LLC v. Central Texas Airborne Sys., Inc.*, 741 F.3d 955 (9th Cir. 2013) ("synchronizing deposition videotapes with their transcripts, while convenient, was not an act of copying or exemplification and was not truly necessary for trial," and noting that the Ninth Circuit saw "no compelling reason to stretch the ordinary meaning of cost items Congress authorized in § 1920."); *see also Mylan Inc. v. SmithKline Beecham Corp.*, No. 10-4809, 2015 WL1931139, at *9; *Helsinn Healthcare S.A. v. Teva Pharamceuticals USA, Inc.*, No. No. 11-3962, 2018 WL 10150764, at *3 (D. N.J. Jun. 11, 2018) ("The cost of video synchronization, always denied by the Clerk as an additional convenience service, are found in the invoices for [certain] depositions," and "must be disallowed"); *Depomed, Inc. v. Actavis Elizabeth LLC*, No. No. 13-4507, 2018 WL 999673, at *9 (D. N.J. Feb. 21, 2018) ("The Clerk agrees with Defendants, however that the costs of video-synchronization are another matter. [...] The Clerk has previously held that this is a non-taxable convenience to counsel which falls outside of the bounds of § 1920."); *Weber v. Fujifilm Med. Sys. U.S.A.*, No. 3:10-cv-401, 2015 WL 4774466, at *5 (D. Conn. Aug. 13, 2015) ("The parties, however, have offered no basis for the Court to determine whether synchronization was necessary for trial preparation and presentation or was merely for counsel's convenience. For this reason, the Court declines to award Plaintiff's synchronization costs."); *Powell v. The Home Depot, U.S.A.*, No. 07-80435-CIV, 2010 WL 4116488, at *13 (S.D. Fla. Sept. 14, 2010); J-*Way Leasing, Ltd. v. Am. Bridge Co.*, No. 1:07-cv-3031, 2010 WL 816439, at *3 (N.D. Ohio Mar. 4, 2010)

("[C]osts for video/audio synchronization 'represent a strategic choice by counsel on how to most persuasively present their case and [are] not necessary to the presentation of the case.'") (quoting *Whirlpool Corp. v. LG Elecs., Inc.*, No. 1:04-cv-100, 2007 WL 2462659, at *6 (W.D. Mich. Aug. 26, 2007) ("[T]he Court does not agree that the costs of format conversion and synchronization are necessary costs. Digitalizing a video and synchronizing it with the transcript represents a strategic choice by counsel on how to most persuasively present their case. The cost of such features is not necessary to the presentation of the case.")).

### i. Trial Transcripts

12. Defendants seek to recover a total of $35,508.66 for trial transcripts. *See* Motion at 8. Of that amount, $32,467.38 is attributable to one or more real-time feeds for each day of trial and expedited rough draft copies, both of which were requested as a convenience to counsel for Defendants and were not "necessarily obtained for use in the case." *See* A.D.I. 293 at ¶ 5 (describing $28,062.88 of costs invoiced from Reliable to Troutman Pepper, including "the preparation of daily expedited trial transcripts and provision of live-feed transcription trial transcripts during the five-day trial,") *see also* A.D.I. 293-3 (attaching supporting invoices for next business day transcripts and live-feed transcription); A.D.I. 292 at ¶ 5 (describing $4,404.50 of costs invoiced from Reliable to Loeb & Loeb "including live-feed transcription"); *see also* A.D.I. 292-5 (attaching supporting invoices for live-feed transcription). The final transcripts themselves, on a non-expedited basis and without real-time or live-feed transcription, cost a fraction of the total that Defendants seek to recover for trial transcripts: $3,041.28.

13. The only justification Defendants offer for these charges is that "[t]ranscription of these proceedings was necessary to respond to and abide by the Court's orders and requests, including preparation of the required Proposed Findings of Fact and Conclusions of Law." Motion at 7. Defendants argue that when the Court orders the parties to prepare proposed findings of fact

8

and conclusions of law, the transcripts are "essentially requested" by the Court. *See* Motion at 6 (citing *United States v. Bayer Corp.*, No. CV 07-0001(JLL), 2015 WL 12698451, at *3 (D.N.J. Dec. 28, 2015)). But nothing in this Court's orders "essentially requested" or suggested that expedited or real-time transcription was necessary. The Court allowed the parties approximately ***two months*** from the conclusion of trial and approximately ***seven weeks*** from availability of final transcripts to provide their proposed findings of fact and conclusions of law. *See* A.D.I. 270-274, 279, 281 (reflecting that final transcripts were made available on or about March 22, 2022, and that the parties submitted their findings of fact and conclusions of law on May 9, 2022). And, in *Bayer* on which Defendants rely, only "the cost of *some* expedited service" beyond the ordinary page rate, was only "warranted because of the tight two-week time frame" for the parties to exchange proposed findings of fact. *See* 2015 WL 12698451, at *3. The need for "hourly copies," however, was not established. *Id*.

14. The Commission has not even attempted to establish the need for daily trial transcripts or real-time transcription; indeed, there was no "tight timeframe" or Court-ordered deadline that would have necessitated that expense. Defendants were more than adequately represented at trial with six lawyers from two different law firms making appearances on the record, confirming that real-time transcription was not necessary to abide by the Court's orders or requests. Therefore, the costs of expedited processing and real-time feeds of trial transcripts (for multiple lawyers) were not "essentially requested" by the Court or necessarily obtained, but rather were arranged as a convenience for counsel for the Defendants. Such costs are not taxable under 28 U.S.C. § 1920.

        ii.    **Deposition Transcripts And Video Synchronization**

15. Similarly, the Commission seeks to recover a total of $45,738.10 for the costs of depositions. The invoices for deposition transcripts, however, include several categories of costs

that are beyond the original and certified copy, including expedited processing, rough drafts, real-time feed, and video synchronization costs. The Commission cites the Court to only one case—*Intellectual Ventures I LLC v. Trend Micro Inc.*, No. 12-1581-LPS, 2020 WL 1245125 (D. Del. Mar. 16, 2020)—to support their argument that "courts generally find that find that [sic] expedited processing, rough drafts, 'real time' feeds, shipping and handling, and the other add-ons for a deposition were reasonably necessary and are taxable under 28 U.S.C. § 1920." Motion at 10. *Intellectual Ventures*, however, was a case decided under Federal Rule of Civil Procedure 54 (providing that costs "should" be allowed), not Federal Rule of Bankruptcy Procedure 7054 (providing that costs "may" be allowed). Moreover, the *Intellectual Ventures* court <u>declined</u> to include in its award of costs charges for certain expedited trial transcripts in a related lawsuit because the party seeking to recover the costs "does not explain how having same-day transcripts was necessary to representing its client, as opposed to being for the convenience of counsel." *Intellectual Ventures*, 2020 WL 1245125, at *4 (instead awarding "costs equal to the cost of obtaining transcripts with a 14-day turnaround"). Thus, under the Court's reasoning in *Intellectual Ventures*, the Commission must provide an explanation to establish the necessity of these increased charges. The Commission has failed to do so here. The Commission has offered no explanation as to why the expedited deposition transcripts, rough drafts, real-time court reporting during the deposition, and video synchronization were necessary. Instead, Defendants' counsel simply state the conclusion that the costs were "necessarily incurred" and were paid. *See, e.g.*, A.D.I. 292 at ¶¶ 2, 7; A.D.I. 293 at ¶¶ 2, 5. These conclusory statements do not suffice to establish necessity.

16. Specifically, the invoices for deposition transcripts include charges related to "Remote Real-time Transcription" as follows:

| Deponent | Description | Amount | Reference |
|---|---|---|---|
| Jennifer Lucchesi | Remote Real-time Transcription | $415.35 | A.D.I. 292-1 at 5 |
| Jennifer Lucchesi | Remote Real-time Transcription Connectivity Charge/User | $250.00 | A.D.I. 292-1 at 5 |
| Bradley Lofgren | Remote Real-time Transcription | $336.00 | A.D.I. 292-1 at 6 |
| Ryan Zukor | Remote Real-time Transcription | $440.00 | A.D.I. 292-1 at 6 |
| Bradley Lofgren/Ryan Zukor | Remote Real-time Transcription Connectivity Charge/User | $250.00 | A.D.I. 292-1 at 6 |
| Eugene Davis | Remote Real-time Transcription | $549.00 | A.D.I. 292-1 at 11 |
| Eugene Davis | Remote Real-time Transcription Charge/User | $125.00 | A.D.I. 292-1 at 11 |
| Michael Arnold | Remote Real-time Transcription | $249.60 | A.D.I. 292-1 at 16 |
| Michael Arnold | Remote Real-time Transcription Connectivity Charge/User | $125.00 | A.D.I. 292-1 at 16 |
| Nicolas Serieys | Remote Real-time Transcription Connectivity Charge/User | $125.00 | A.D.I. 292-1 at 17 |
| Nicolas Serieys | Real-Time Reporter Deposition Scheduling Fee – Minimum | $995.00 | A.D.I. 292-1 at 17 |
| Mark Berkman | Remote Real-time Transcription | $226.00 | A.D.I. 292-1 at 27 |
| Mark Berkman | Remote Real-time Transcription Connectivity Charge/User | $125.00 | A.D.I. 292-1 at 27 |
| Robert S. (Rory) Johnston | Remote Real-time Transcription | $343.75 | A.D.I. 292-1 at 28 |
| Robert S. (Rory) Johnston | Remote Real-time Transcription Set Up Fee | $125.00 | A.D.I. 292-1 at 28 |
| Kathy Spletter | Remote Real-time Transcription | $302.00 | A.D.I. 292-1 at 29 |
| Kathy Spletter | Remote Real-Time Transcription Connectivity Charge/User | $125.00 | A.D.I. 292-1 at 29 |
| David Goesling | Remote Real-time Transcription | $348.00 | A.D.I. 292-1 at 30 |
| David Goesling | Remote Real-time Transcription Connectivity Charge/user | $125.00 | A.D.I. 292-1 at 30 |
| **Total Deposition Real-Time Associated Costs** | | **$5,579.70** | |

17.     The invoices for deposition transcripts include an additional $10,487.30 of charges related to "Rough Transcript" or other expedited delivery of the deposition transcripts as follows:

11

| Deponent | Description | Amount | Reference |
|---|---|---|---|
| Jennifer Lucchesi | Rough Transcript | $404.70 | A.D.I. 292-1 at 5 |
| Bradley Lofgren | Certified Transcript – 3 Day Delivery (in addition to a separate charge for "Certified Transcript") | $369.60 | A.D.I. 292-1 at 6 |
| Bradley Lofgren | Rough Transcript | $168.00 | A.D.I. 292-1 at 6 |
| Ryan Zukor | Certified Transcript – 3 Day Delivery (in addition to a separate charge for "Certified Transcript") | $484.00 | A.D.I. 292-1 at 6 |
| Ryan Zukor | Rough Transcript | $220.00 | A.D.I. 292-1 at 6 |
| Eugene Davis | Original Transcript – 3 Day Delivery (in addition to a separate charge for "Original & 1 Certified Transcript) | $1,071.60 | A.D.I. 292-1 at 11 |
| Eugene Davis | Rough Transcript | $549.90 | A.D.I. 292-1 at 11 |
| David Harris | Certified Transcript – 3 Day Delivery (in addition to a separate charge for "Certified Transcript") | $338.80 | A.D.I. 292-1 at 13 |
| David Harris | Rough Transcript | $154.00 | A.D.I. 292-1 at 13 |
| Michael Arnold | Original Transcript – 3 Day Delivery (in addition to a separate charge for "Original & 1 Certified Transcript") | $614.40 | A.D.I. 292-1 at 16 |
| Michael Arnold | Rough Transcript | $249.60 | A.D.I. 292-1 at 16 |
| Lois Mannon | Original Transcript – 3 Day Delivery (in addition to a separate charge for "Original & 1 Certified Transcript") | $260.00 | A.D.I. 292-1 at 21 |
| Lois Mannon | Rough Transcript | $130.00 | A.D.I. 292-1 at 21 |
| Michael Wracher | Certified Transcript – Daily Delivery (in addition to a separate charge for "Certified Transcript") | $572.25 | A.D.I. 292-1 at 22 |
| Michael Wracher | Rough Transcript | $207.10 | A.D.I. 292-1 at 22 |
| Timothy Skillman | Certified Transcript – 2 Day Delivery (in addition to a separate charge for "Certified Transcript") | $485.10 | A.D.I. 292-1 at 24 |
| Timothy Skillman | Rough Transcript | $294.00 | A.D.I. 292-1 at 24 |
| Mark Berkman | Original Transcript – 3 Day Delivery (in addition to a separate charge for "Original Transcript & 1 Certified Transcript") | $497.20 | A.D.I. 292-1 at 27 |
| Mark Berkman | Rough Transcript | $226.00 | A.D.I. 292-1 at 27 |

| Deponent | Description | Amount | Reference |
|---|---|---|---|
| Robert S. (Rory) Johnston | Original Transcript – 3 Day Delivery (in addition to a separate charge for "Original Transcript & 1 Certified Transcript") | $525.00 | A.D.I. 292-1 at 28 |
| Robert S. (Rory) Johnston | Rough Transcript | $281.25 | A.D.I. 292-1 at 28 |
| Kathy Spletter | Original Transcript – 3 Day Delivery (in addition to a separate charge for "Original Transcript & 1 Certified Transcript") | $634.20 | A.D.I. 292-1 at 29 |
| Kathy Spletter | Rough Transcript | $302.00 | A.D.I. 292-1 at 29 |
| David Goesling | Original Transcript – 3 Day Delivery (in addition to a separate charge for "Original Transcript & 1 Certified Transcript") | $696.00 | A.D.I. 292-1 at 30 |
| David Goesling | Rough Transcript | $348.00 | A.D.I. 292-1 at 30 |
| Robert Ettinger | Certified Transcript – 3 Day Delivery (in addition to a separate charge for "Certified Transcript") | $285.60 | A.D.I. 292-1 at 33 |
| Robert Ettinger | Rough Transcript | $119.00 | A.D.I. 292-1 at 33 |
| **Total Expedited Delivery and Rough Transcript Costs** | | **$10,487.30** | |

18. The invoices for deposition transcripts also include an additional $4,625.00 of charges related to video synchronization as follows:

| Deponent | Description | Amount | Reference |
|---|---|---|---|
| Eugene Davis | Video Sync/Tape | $625.00 | A.D.I. 292-1 at 10 |
| Jennifer Lucchesi | Video Sync/Tape | $625.00 | A.D.I. 292-1 at 12 |
| Michael Arnold | Video Sync/Tape | $375.00 | A.D.I. 292-1 at 15 |
| David Harris | Video Sync/Tape | $125.00 | A.D.I. 292-1 at 18 |
| Nicolas Serieys | Video Sync/Tape | $375.00 | A.D.I. 292-1 at 19 |
| Mark Berkman | Video Sync/Tape | $375.00 | A.D.I. 292-1 at 20 |
| Kathy Spletter | Video Sync/Tape | $375.00 | A.D.I. 292-1 at 23 |

| | | | |
|---|---|---|---|
| Robert S. (Rory) Johnston | Video Sync/Tape | $500.00 | A.D.I. 292-1 at 25 |
| David Goesling | Video Sync/Tape | $875.00 | A.D.I. 292-1 at 26 |
| Michael Wracher | Video Sync/Tape | $250.00 | A.D.I. 292-1 at 31 |
| Lois Mannon | Video Sync/Tape | $125.00 | A.D.I. 292-1 at 32 |
| **Total Video Synchronization Costs** | | **$4,625.00** | |

19. In addition to the fact that the Commission has offered no explanation as to the necessity of the video synchronization, video synchronization for all of the above-listed witnesses was clearly unnecessary. For example, Michael Arnold, Nicolas Serieys, Mark Berkman, Kathy Spletter, Rory Johnston, and David Goesling were all experts designated and retained by the Trust to testify at trial. Had the Trust not called them, there would have been no need for Defendants to call them in their case. Moreover, it was never suggested that any of the above-listed witnesses would be unavailable for trial.

20. Thus, the Commission has failed to establish that the above-listed categories of costs were necessary, and they are not properly taxable as costs. Any award of costs to the Commission should deduct these unrecoverable amounts.

## IV.  CONCLUSION

21. For the foregoing reasons, the Trustee objects to the Bill of Costs and asks the Court to deny the Commission's Motion.

Dated: September 20, 2022

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Andrew R. Remming*
_____
Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@morrisnichols.com
aremming@ morrisnichols.com
mtalmo@ morrisnichols.com

    -and-

**BRACEWELL LLP**
Bryan S. Dumesnil (admitted *pro hac vice*)
Nancy McEvily Davis (admitted *pro hac vice*)
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713)-221-1520
Facsimile: (800) 404-3970
Bryan.Dumesnil@bracewell.com
Nancy.Davis@bracewell.com
    -and
Robert G. Burns (admitted *pro hac vice*)
Mark E. Dendinger (admitted *pro hac vice*)
31 W. 52nd Street, Suite 1900
New York, New York 10019
Telephone: (212) 508-6100
Facsimile: (212) 508-6101
Robert.Burns@bracewell.com
Mark.Dendinger@bracewell.com
    -and-
Jason B. Hutt (admitted *pro hac vice*)
Brittany Pemberton (admitted *pro hac vice*)
2001 M Street, NW
Washington, District of Columbia 20036
Telephone: (202) 828-5800
Facsimile: (202) 857-2114
Jason.Hutt@bracewell.com
Brittany.Pemberton@bracewell.com

*Counsel for the Liquidating Trustee*